I concur with the majority's ruling on Appellant's second, third, and fourth assignments of error and Appellee's cross-assignment of error. However, I dissent from the majority's holding on the third subsection of Appellant's first assignment of error because the statutory language does not require a trial court to retain jurisdiction to modify a spousal support award and thus a trial court does not abuse its discretion by declining to reserve such jurisdiction.
The majority has noted in the concluding paragraph of the first assignment of error that the trial court abused its discretion in not reserving jurisdiction to modify the award of spousal support. However, the plain language propounded by the legislature in R.C. 3105.18(E)(1) permits the court to decline continuing jurisdiction over spousal support matters. Webb v.Webb (Sept. 2, 1999), Marion App. No. 9-98-66, unreported, 1999 Ohio App. LEXIS, at *7-8. Had the legislature intended to make such a reservation of jurisdiction mandatory, it would have clearly stated such in the statute. Instead, the legislature indicated its contemplation of a choice by the trial court by outlining the possible outcomes dependent upon the court's decision of whether or not to retain jurisdiction. Therefore, for the trial court to exercise the authority given it by the legislature is not an abuse of discretion. For the foregoing reasons, I respectfully dissent.